**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
Trump Plaza Associates, LLC

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORY MOYER; ADVOCATES FOR DISABLED AMERICANS (AFDA), | Civil Action No.: ______________ |
| Plaintiffs, | Honorable ____________________ |
| vs. | **NOTICE OF REMOVAL** |
| TRUMP PLAZA CORPORATION, | |
| Defendant. | |

Trump Plaza Associates, LLC ("Trump Plaza" or "Defendant"), incorrectly named in the complaint as Trump Plaza Corporation, hereby removes an action pending against it in the Superior Court of New Jersey, Law Division, Camden County, pursuant to 28 U.S.C. §§ 1441 and 1446. In support of removal, Defendant states as follows:

1. On November 13, 2007, a Complaint was filed against Trump Plaza in the Superior Court of New Jersey, Law Division, Camden County, by Cory Moyer and Advocates for Disabled Americans (AFDA). That action is docketed as CAM-L-5795-07.

2. On December 21, 2007, I received a copy of the complaint and a request to waive service of the summons. On January 17, 2008, I executed the waiver of service of summons on behalf of Trump Plaza. Copies of the complaint and request to waive service of the summons are attached as Exhibit A.

3. Exhibit A is a copy of all pleadings, process and orders served on Defendant. Defendant is aware of no other pleadings or papers that have been filed with the State Court in this action or served on Defendant.

4. This action is one over which this Court has original federal question jurisdiction under the provisions of 28 U.S.C. § 1331. It is removable to this Court pursuant to 28 U.S.C. §§ 1441(a) and 1441(b) because the matter in controversy arises under the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq., and the Complaint asserts a claim under that statute.

5. The Complaint also alleges the defendant's acts violate the New Jersey Law Against Discrimination, N.J.S.A.10:5-12. This Court has supplemental jurisdiction over the New Jersey Law Against Discrimination claim pursuant to 28 U.S.C. §1367 because it arises from the same factual allegations and is so related as to form part of the same case or controversy.

6. The United States District Court for the District of New Jersey is the federal court for the district and division embracing Camden County, New Jersey. 28 U.S.C. § 110.

7. Upon the filing of this Notice of Removal, Defendant shall promptly give written notice of this removal to plaintiff's attorney and shall file a copy of this Notice with the Clerk of the Superior Court of New Jersey.

WHEREFORE, Defendant Trump Plaza Associates, LLC requests that this action be removed from the Superior Court of New Jersey, Law Division, Camden County, to this Court, and proceed in this Court as an action properly removed thereto.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
Trump Plaza Associates, LLC

By: ______________________
Adam N. Saravay
A Member of the Firm

Dated: January 17, 2008

# Exhibit A

ANTHONY J. BRADY, JR., ESQUIRE
Parkade Building
519 Federal Street, Room 202
Camden, New Jersey 08103
PO Box 649, Camden, NJ 08101
(856) 541-1930
Fax: (856) 541-1966
Attorney for Plaintiffs




| | |
|---|---|
| CORY MOYER; ADVOCATES FOR DISABLED AMERICANS (AFDA), | : SUPERIOR COURT OF NEW JERSEY<br>: CAMDEN COUNTY<br>: LAW DIVISION |
| Plaintiffs, | : |
| Vs. | : DOCKET NO. L 5795 07 |
| TRUMP PLAZA CORPORATION, | : Civil Action |
| Defendant. | : **PLAINTIFFS' COMPLAINT** |

Plaintiff Cory Moyer residing at 336 Kiddie Lane, Walnutport, Pennsylvania 18088 and Advocates For Disabled Americans (AFDA) doing business in Camden County by way of complaint against the Defendant states:

JURISDICTION

1. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 in that Plaintiffs allege a cause of action based on The Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.

PARTIES

2. Plaintiff Cory Moyer is a disabled man who uses a wheelchair.

3. Defendant Trump Plaza Corporation is the owner/operator of casino located in Atlantic City, New Jersey.

FIRST COUNT

4. Plaintiff Moyer is a frequent user of the Defendant's hotel located in Atlantic City, New Jersey.

5. The Plaintiff's ability to utilize the services of the Defendant has been impaired because of the lack of access to the disabled.

6. Specifically, the Defendant does not have proper parking for the disabled; does not have proper access routes for the disabled in the entrance and interior of its facility; does not have proper accessible hotel rooms; does not have proper access to its games of chance; and otherwise, is not accessible to the disabled. Most grievous is the new construction aspects of the casino.

7. Plaintiff Moyer reserves the right to amend his allegations as discovery progresses.

8. The above discrimination is a violation of the New Jersey Law Against Discrimination and the Americans With Disabilities Act.

9. To alter its access violations would not cause an undue burden and/or is readily achievable.

10. Plaintiff Moyer seeks equitable relief ordering the Defendant's facility to be made accessible.

WHEREFORE, Plaintiff Moyer demands judgment for:

1) Injunctive relief.

2) Attorney fees.

3) Costs of suit.

SECOND COUNT

11. Plaintiffs repeat the allegations of the first count.

12. As a result of the aforementioned discrimination the Plaintiffs sustained emotional distress in violation of the New Jersey Law Against Discrimination.

WHEREFORE, Plaintiffs demand judgment for:

1) Damages.

2) Attorney fees

3) Costs of suit.

DATED: November 13, 2007

ANTHONY J. BRADY, JR., ESQUIRE
Attorney for Plaintiffs

CERTIFICATION

I further certify pursuant to Rule 4:5-1, that this matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding nor any other action or arbitration proceeding contemplated.

Further, the Plaintiffs are not aware of any other parties that should be joined in said matter.

Dated: November 13, 2007

ANTHONY J. BRADY, JR., ESQUIRE
Attorney for Plaintiffs

# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under Rule 4:5-1
**Pleading will be rejected for filing, under Rule 1:5-6(c), if information above the black bar is not completed or if attorney's signature is not affixed.**

| FOR USE BY CLERK'S OFFICE ONLY |
|---|
| PAYMENT TYPE: CK CG CA |
| CHG/CK NO. |
| AMOUNT: |
| OVERPAYMENT: |
| BATCH NUMBER: |

| ATTORNEY/PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Anthony J. Brady, Jr. | (856) 541-1930 | Camden |

FIRM NAME (If applicable): LAW OFFICES OF ANTHONY J. BRADY, JR.

DOCKET NUMBER (When available): L 5795 07

OFFICE ADDRESS: Parkade Building, 519 Federal Street, Room 202, Camden, NJ 08103; P O Box 649, Camden, NJ 08101

DOCUMENT TYPE: COMPLAINT

JURY DEMAND: ☐ YES ☒ NO

NAME OF PARTY (e.g., John Doe, Plaintiff): Cory Moyer; AFDA

CAPTION: CORY MOYER; ADVOCATES FOR DISABLED AMERICANS (AFDA) V. TRUMP PLAZA CORPORATION

CASE TYPE NUMBER (See reverse side for listing): 005

IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ☒ NO

IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT.

RELATED CASES PENDING? ☐ YES ☒ NO

IF YES, LIST DOCKET NUMBERS

DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ YES ☒ NO

NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY, IF KNOWN ☐ NONE ☒ UNKNOWN

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ☒ NO

IF YES, IS THAT RELATIONSHIP ☐ EMPLOYER-EMPLOYEE ☐ FRIEND/NEIGHBOR ☐ OTHER (explain) ☐ FAMILIAL ☐ BUSINESS

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☒ YES ☐ NO

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION:
ADA

FILED
NOV 13 2007
CAMDEN COUNTY SUPERIOR COU[illegible]

DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☒ YES ☐ NO

IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION: Plaintiff uses wheelchair

WILL AN INTERPRETER BE NEEDED? ☐ YES ☒ NO

IF YES, FOR WHAT LANGUAGE:

ATTORNEY SIGNATURE [signature]




# CIVIL CASE INFORMATION STATEMENT (CIS)

Use for initial pleadings (not motions) under *Rule* 4:5-1

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I — 150 days' discovery**

- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (INCLUDING DECLARATORY JUDGMENT ACTIONS)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (SUMMARY ACTION)
- 999 OTHER (Briefly describe nature of action)

**Track II — 300 days' discovery**

- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603 AUTO NEGLIGENCE – PERSONAL INJURY
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 699 TORT – OTHER

**Track III — 450 days' discovery**

- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV — Active Case Management by Individual Judge / 450 days' discovery**

- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Mass Tort (Track IV)**

- 241 TOBACCO
- 248 CIBA GEIGY
- 264 PPA
- 266 HORMONE REPLACEMENT THERAPY (HRT)
- 271 ACCUTANE
- 272 BEXTRA/CELEBREX
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 275 ORTHO EVRA
- 276 DEPO-PROVERA
- 601 ASBESTOS
- 619 VIOXX

**If you believe this case requires a track other than that provided above, please indicate the reason on Side 1, in the space under "Case Characteristics."**

Please check off each applicable category:

☐ Verbal Threshold ☐ Putative Class Action ☐ Title 59

**NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS**

TO: ADAM N. SARAVAY, ESQUIRE.

OF McCarter & English, LLP

A lawsuit has been commenced against you (or the clients in the initial motion on whose behalf you are addressed). A copy of the complaint is attached to this notice. It has been filed in the Superior Court of New Jersey, Camden County, Law Division and has been assigned the Docket Number CAM-L-5795-07.

I affirm that this request is being sent to you on behalf of the plaintiff, this 18th day of December, 2007.

ANTHONY J. BRADY, JR., ESQUIRE
Parkade Building
519 Federal Street, Room 202 (08103)
P O Box 649
Camden, New Jersey 08101
(856) 541-1930
(856) 541-1966 Fax
Attorney for Plaintiffs

## WAIVER OF SERVICE OF SUMMONS

TO: ANTHONY J. BRADY, JR., ESQUIRE

I acknowledge receipt of your request that I waive service of a summons in the action of Cory Moyer; Advocates For Disabled Americans (AFDA) v. Trump Plaza Corporation which is case number CAM-L-5795-07 in the Superior Court of New Jersey, Camden County, Law Division. I have also received copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

The parties agree to an extension of 60 days to file an answer.

1/17/08
Date

[signature]
Signature
Printed/typed name: Adam N. Saravay
[as ]
[of McCarter + English ]
counsel for Δ