**McCARTER & ENGLISH, LLP**
Four Gateway Center
100 Mulberry Street
P.O. Box 652
Newark, New Jersey 07101-0652
(973) 622-4444
Attorneys for Defendant
Trump Plaza Associates, LLC

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CORY MOYER; ADVOCATES FOR DISABLED AMERICANS (AFDA), | Civil Action No.: 1:08-cv-355 |
| Plaintiffs, | Honorable Jerome B. Simandle |
| vs. | |
| TRUMP PLAZA CORPORATION, | **ANSWER** |
| Defendant. | |

Defendant Trump Plaza Associates, LLC (incorrectly named as Trump Plaza Corporation) ("Trump Plaza" or "Defendant"), respond to the numbered allegations of the complaint as follows:

### AS TO "JURISDICTION"

1. Admitted.

### AS TO "PARTIES"

2. Defendant lacks knowledge or information sufficient to form a belief as to the allegations of this paragraph.

3. Admitted, except that Defendant is incorrectly named as "Trump Plaza Corporation." Defendant's proper name is "Trump Plaza Associates, LLC."

## AS TO "FIRST COUNT"

4. On information and belief, denied.

5. Denied.

6. Denied.

7. Paragraph 7 is an alleged legal conclusion to which no response is required. To the extent this paragraph may be deemed to contain factual allegations, it is denied.

8. Denied.

9. Denied.

10. Paragraph 10 includes an alleged legal conclusion to which no response is required. To the extent this paragraph alleges the Defendant's facility needs "to be made accessible", it is denied.

## AS TO "SECOND COUNT"

11. Defendant repeats and realleges the responses to the First Count as if fully set forth at length herein.

12. Denied.

WHEREFORE, Defendant requests that plaintiffs be denied the judgment they seek and that judgment be entered for Defendant, together with costs and attorney's fees.

## SEPARATE DEFENSES

Without assuming the burden of proof on any issue as to which the burden of proof is on plaintiffs under applicable law, Defendant asserts the following separate defenses:

### FIRST SEPARATE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief may be granted.

### SECOND SEPARATE DEFENSE

Plaintiffs have failed to allege facts sufficient to state a claim for compensatory damages for emotional distress.

### THIRD SEPARATE DEFENSE

Plaintiffs lack standing to assert some or all of the claims alleged in the complaint.

### FOURTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the doctrine of laches.

### FIFTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by the applicable statute of limitations.

### SIXTH SEPARATE DEFENSE

Defendant at all relevant times complied with all applicable laws, regulations and standards governing its conduct.

### SEVENTH SEPARATE DEFENSE

Defendant was not required to remove architectural barriers to the extent such removal was not readily achievable.

**EIGHTH SEPARATE DEFENSE**

Defendant is not required to make the altered spaces of its building accessible to the plaintiffs to the extent it is technically infeasible to do so.

**NINTH SEPARATE DEFENSE**

Defendant was not required to provide plaintiffs with any accommodation that would have imposed an undue burden on the operation of Defendant's business.

Defendant reserves the right to assert any and all other defenses, both factual and legal, as may be justified by information subsequently obtained.

**WHEREFORE,** Defendant Trump Plaza Associates, LLC, demands judgment as follows:

(a) for dismissal of the Complaint with prejudice;

(b) for reasonable attorneys' fees and costs; and

(c) for such further relief as the Court may deem just and equitable.

**McCARTER & ENGLISH, LLP**
Attorneys for Defendant
Trump Plaza Associates, LLC

By: _____
Adam N. Saravay

Dated: February 6, 2008

ME1 7071825v.3

4